FILED
 2010 Aug-18  PM 12:21
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:10-CV-1433-RDP |
| } | |
| **STERLING METAL PRODUCTS,** } | |
| **INC., et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Amended Motion for Default Judgment Against Sterling Metal Products, Inc. (Doc. #10), filed July 30, 2010. For the following reasons, the Motion is due to be granted.

**I.    PROCEDURAL HISTORY**

On June 7, 2010, Plaintiff filed this lawsuit. (Doc. #1). On the next day, Plaintiff requested service by certified mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and Alabama Rule of Civil Procedure 4(i)(2). (Doc. #3). The Clerk of Court sent a copy of the Complaint and Summons to Defendant Sterling Metal Products, Inc. via certified mail. (Doc. #3). Defendant received the Complaint and Summons on June 14, 2010. (Doc. #4). Beginning with the date of service, Defendant was permitted twenty-one days to answer or otherwise respond to Plaintiff's Complaint (*i.e.*, Defendant's answer or Rule 12 motion was due on or before July 6, 2010). (Doc. #4). Defendant never answered or responded to Plaintiff's Complaint. Accordingly, on July 30, 2010, Plaintiff filed a motion for entry of default. (Doc. #11). On the same day, the Clerk of Court entered

Defendant's default. (Doc. #12). On July 30, 2010, Plaintiff filed the instant Motion requesting the court to enter final judgment by default against Defendant and in favor of Plaintiff. (Doc. #10).

## II.    STATEMENT OF FACTS

Plaintiff made a loan to Defendant and memorialized the agreement by Promissory Note, dated August 30, 2006, which Defendant executed in favor of Plaintiff. (Doc. #1 ¶ 8). The August 30, 2006 Promissory Note obligated Defendant to pay to Plaintiff the principal sum of $171,760.00 plus interest at a rate of 8.5%. (Doc. #1-1 at 1). As of July 29, 2010, the amount due, including principal plus interest, equals $148,641.34, and interest continues to accrue at a rate of $30.45 per day. (Doc. #10 ¶ 7). As of August 17, 2010, the amount due equals $149,250.34.[1]

Additionally, Plaintiff made a second loan to Defendant and memorialized the agreement by Promissory Note, dated May 2, 2008, which Defendant executed in favor of Plaintiff. (Doc. #1 ¶ 9). The May 2, 2008 Promissory Note obligated Defendant to pay to Plaintiff the principal sum of $250,000.00 plus interest at Plaintiff's prime rate plus 1%. (Doc. #1-2 at 1). As of July 29, 2010, the amount due, including principal plus interest, equals $261,260.41, and interest continues to accrue at a rate of $29.37 per day. (Doc. #10 ¶ 8). As of August 17, 2010, the amount due equals $261,847.81.[2]

According to Plaintiff's allegations, Defendant has "failed to pay [Plaintiff] the amounts due under the terms of the" Promissory Notes. (Doc. #1 ¶ 17). Therefore, as Plaintiff alleges, it "is entitled to recover from [Defendant] the amounts due under the [Promissory Notes], plus other

---

[1] This total reflects $148,641.34 (*i.e.*, the amount due on July 29, 2010) plus $609.00 (*i.e.*, the interest that accrued over the twenty days since July 29, 2010).

[2] This total reflects $261,260.41 (*i.e.*, the amount due on July 29, 2010) plus $587.40 (*i.e.*, the interest that accrued over the twenty days since July 29, 2010).

legally recoverable fees and costs," including attorney's fees and expenses. (Doc. #1 ¶¶ 21, 28). On these allegations, Plaintiff asserts four causes of action against Defendant: (1) breach of contract; (2) money had and received; (3) unjust enrichment; and (4) attorney's fees. (Doc. #1 ¶¶ 16-28).

## III.  DISCUSSION

Plaintiff seeks a Rule 55(b) default judgment against Defendant for monetary damages in the amount of $414,293.83, which includes principal, interest, and attorney's fees. Rule 55(b) states in relevant part:

> (b)  Entering a Default Judgment.
>
> (1)  By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2)  By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

FED. R. CIV. P. 55(b). Although this court permits the Clerk of Court to enter default when appropriate pursuant to Rule 55(a),[3] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default judgment for the discretion of the particular judge to which the case is assigned. This practice is applicable even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Plaintiff and against Defendant is proper because all the requirements for Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted affidavit testimony establishing that Defendant's registered agent is not an infant or incompetent person and that Defendant has failed to make payments owed pursuant to a contractual obligation despite Plaintiff's compliance with its reciprocal obligations. (Doc. #10-1 ¶¶ 3-4; Doc. #10-3 ¶¶ 7-8). Upon default, the well-pleaded allegations of a complaint are taken as true. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because Defendant has previously been declared in default, its liability is established because the well-pleaded allegations substantiate Plaintiff's breach of contract claim. The affidavit testimony indicates that the monetary damages sought by Plaintiff are for a sum certain or for a sum which can by computation be made certain: the principal amount on both Promissory Notes in addition to contractual interest as of August 17, 2010 totals $411,098.15. (Doc. #10-1 ¶¶ 7-8). Accordingly, as to this amount, Rule 55(b)(1) – and not Rule

---

[3] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55(a).

55(b)(2) – governs this case. Moreover, because the damages sought are for a sum certain, an evidentiary hearing is unnecessary, and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." FED. R. CIV. P. 55(b)(1); *see also U.S. Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Finally, Plaintiff requests court costs and its attorney's fee. According to the Notes, [Defendant] shall pay all of [Plaintiff's] reasonable expenses actually incurred to enforce or collect any of the Obligations, including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding." (Doc. #1-1 at 2; Doc. #1-2 at 3). In particular, Plaintiff requests an attorney's fee award of $3,195.68 for the legal services rendered by its counsel. (Doc. #10 at ¶ 9).

The parties agreed for the Notes to be "governed by and interpreted in accordance with federal law and, except as preempted by federal law, the laws of the state named in [Plaintiff's] address on the first page" of the Notes. (Doc. #1-1 at 4; Doc. #1-2 at 4). In both Notes, Plaintiff's address is listed in Alabama, and because the issue of a fee award amounts to an issue of contractual interpretation, the court applies Alabama substantive law. *See, e.g., GE Commercial Fin. Bus. Prop. Corp. v. Heard*, 621 F. Supp. 2d 1305, 1309 (M.D. Ga. 2009). Under Alabama law, although the Notes obligate Defendant to pay Plaintiff's attorney's fees and expenses, the right to payment does not empower Plaintiff, or Plaintiff's counsel, to set an unreasonable fee or a fee without judicial approval. *King v. Calvert & Marsh Coal Co.*, 362 So. 2d 889, 893 (Ala. 1978).

In the affidavit of Jason D. Woodard, Plaintiff's counsel, he states that as "of July 29, 2010, the fees and expenses incurred by [Plaintiff] for legal services performed . . . in connection with this action total $3,195.68." (Doc. #10-3 ¶ 4). Moreover, according to Woodard, the "fees and expenses for services rendered in connection with this action, and estimated future fees and expenses, are reasonable." (Doc. #10-3 ¶ 5). In addition to the Woodard Affidavit, based on experience with comparable fee requests in similar cases, the court finds that $3,195.68, which reflects less than 1% of the total debt to be recovered, is a reasonable fee under the circumstances. *See, e.g.*, *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Therefore, Plaintiff is entitled to recover against Defendant its costs and attorney's fees incurred.

**IV.      CONCLUSION**

Based upon the court's review of the affidavit testimony and the relevant case law, Plaintiff's request for a final default judgment against Defendant is due to be granted, and Plaintiff is due to recover from Defendant the total sum of $411,098.15 (*i.e.*, principal plus interest as of August 17, 2010). Costs are due to be taxed against Defendant. Finally, Plaintiff's request for attorney's fees in the amount of $3,195.68 is due to be granted. The court will enter a final default judgment in favor of Plaintiff and against Defendant that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this      18th      day of August, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE